IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

WILLIE SANDERS and JOSIE SANDERS                               PLAINTIFFS

v.                                    CIVIL ACTION NO.: 2:12-CV-00182-GHD-JMV

SHILOH MISSIONARY BAPTIST CHURCH                                DEFENDANT

MEMORANDUM OPINION DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Presently before this Court is a motion for summary judgment [32] filed by Defendant Shiloh Missionary Baptist Church. After due consideration, the Court finds the motion [32] should be denied.

*A. Factual and Procedural Background*

Plaintiffs Willie Sanders ("Mr. Sanders") and Josie Sanders ("Mrs. Sanders") (collectively, "Plaintiffs") bring this civil action against Defendant Shiloh Missionary Baptist Church ("the Church"). Plaintiffs allege that on or about October 29, 2011, Mr. Sanders was attending his father's funeral at the Church in Shelby, Mississippi, when he tripped and fell on uneven flooring in the Church sanctuary. Plaintiffs allege that as a result of the fall, Mr. Sanders suffered serious injuries to his knee, and Mrs. Sanders sustained loss of consortium and loss of services of her husband. Plaintiffs allege that these injuries and damages were directly and proximately caused by the Church's negligence and gross negligence in maintaining its premises in an unsafe manner.

The Church denies liability for damages arising from the alleged incident and has filed a motion for summary judgment [32]. Plaintiffs have filed a response, and the Church has filed a reply. The matter is now ripe for review.

### B. *Summary Judgment Standard*

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). *See* FED. R. CIV. P. 56(a); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S. Ct. 2548.

The party moving for summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *Id.* at 323, 106 S. Ct. 2548. Under Rule 56(a), the burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S. Ct. 2548 (internal quotation marks omitted). *Accord Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

Where, as here, the parties dispute the facts, the Court must view the facts and draw reasonable inferences in the light most favorable to the nonmovant. *Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) (internal citations omitted). "However, a nonmovant may not overcome the summary judgment standard with conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McClure v. Boles*, 490 F.

App'x 666, 667 (5th Cir. 2012) (per curiam) (citing *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)).

### C. Analysis and Discussion

At issue in this premises-liability case are whether Mr. Sanders should be classified as a licensee or an invitee and whether Plaintiffs have raised a genuine dispute of material fact that precludes summary judgment. The distinction between whether Mr. Sanders is an invitee or licensee has great significance in this case. If Mr. Sanders was a licensee at the time of his injury, the Church's duty was to refrain from willfully or wantonly injuring him. *See Lucas v. Buddy Jones Ford Lincoln Mercury, Inc.*, 518 So. 2d 646, 648 (Miss. 1988). If, however, Mr. Sanders was an invitee, then the Church's duty was to exercise reasonable care to keep the premises in a safe condition, and if the Church knew of—or by the exercise of reasonable care should have known of—a dangerous condition not readily apparent to Mr. Sanders, then the Church was under a duty to warn Mr. Sanders of such condition. *See Clark v. Moore Mem'l United Methodist Church*, 538 So. 2d 760, 764 (Miss. 1989).

The Church contends that Mr. Sanders was a licensee and that Plaintiffs' claims must be dismissed because Plaintiffs fail to show either that the Church willfully and wantonly injured Plaintiffs, or that the Church engaged in active conduct and knew of Mr. Sanders' presence and that its active-negligence caused Plaintiffs' injuries. The Church alternatively contends that even if Mr. Sanders was an invitee and thus owed the duty of reasonable care, Plaintiffs fail to raise a genuine dispute of material fact that would sustain their claims past summary judgment.

In a premises-liability case, "duty is contingent on the status of the injured person. Thus, the first step in determining duty is to identify the status of the injured at the time of the injury." *Albert v. Scott's Truck Plaza, Inc.*, 978 So. 2d 1264, 1266 (Miss. 2008) (quoting *Massey v.*

3

*Tingle*, 867 So. 2d 235, 239 (Miss. 2004)).[1] If the facts are not in dispute, the plaintiff's classification is a question of law; however, if the facts are in dispute, "[t]he determination of which status a particular plaintiff holds can be a jury question." *Id.* at 1267 (quoting *Clark*, 538 So. 2d at 763 (citing *Lucas*, 518 So. 2d at 648; *Adams v. Fred's Dollar Store*, 497 So. 2d 1097, 1100 (Miss. 1986))). Because the pertinent facts to the determination of Mr. Sanders' classification are not in dispute, his classification is a question of law for the Court.

The pertinent undisputed facts are as follows: Mr. Sanders entered the Church on the date in question for the purpose of attending his father's funeral and was listed as an honorary pallbearer in the funeral program. *See* Funeral Program [42-13] at 6. The Church is an entirely self-owned, self-operated, and self-maintained entity that relies on the tithes of members and contributions from others to support itself financially. *See* Pls.' Resp. Opp'n to Def.'s MSJ [42] ¶ 3; Def.'s Reply Supp. MSJ [48] ¶ 2; Harris Dep. [42-4] at 15–16. Neither Mr. Sanders nor Mrs. Sanders attended the Church prior to the date of the funeral or at any date subsequent thereof. *See* Pls.' Resps. to Def.'s RFA [32-3] ¶¶ 1–2; Def.'s Reply Supp. MSJ [48] ¶ 1. The deceased's ex-wife, who was a long-time, regularly tithing Church member, requested that the Church hold the funeral; the Church did so. *See* Pls.' Mem. Br. Supp. Resp. to Def.'s MSJ [43] at 3; Def.'s Mem. Br. Supp. MSJ [33] at 2; Rev. Miller Dep. [42-7] at 32; Harris Dep. [42-4] at 15. Neither the Church nor the officiating pastor, Reverend James E. Miller, charged for use of the building or funeral services performed at the building. *See* Pls.' Mem. Br. Supp. Resp.

---

[1] The Mississippi Supreme Court has acknowledged that the invitee-licensee-trespasser categories are "ancient" and that many requests have been made to eradicate them—even by some of the Mississippi Supreme Court Justices. *See, e.g., Handy v. Nejam*, 111 So. 3d 610, 615 (¶ 18) (Miss. 2013) (J. Kitchens, dissenting) ("I believe that defining liability based on these classifications produces unjust results, and that this Court should adopt a unitary duty of reasonable care for land possessors regardless of an entrant's classification."). However, the Mississippi Supreme Court has "deliberately refused to erase these ancient categories," because "the Court has recognized the need for landowners to restrict access to certain parts of their property by others so as not to expose the landowner to unwarranted liability." *See id.* at 612 (¶ 5) (citing *Hudson v. Courtesy Motors, Inc.*, 794 So. 2d 999 (Miss. 2001)).

Opp'n to Def.'s MSJ [43] at 3; Def.'s Mem. Br. Supp. MSJ [33] at 2. Finally, neither Mr. Sanders nor Mrs. Sanders made any monetary contribution or donation to the Church prior to the date of the funeral or as compensation for the funeral. Pls' Resps. to Def.'s RFA [32-3] ¶¶ 5–6; Def.'s Mem. Br. Supp. MSJ [33] at 2–3; Rev. Miller Dep. [32-4] at 33–34.

In *Clark v. Moore Memorial United Methodist Church*, a church member who was also the pastor's wife sued the defendant church for injuries she sustained when she slipped and fell on the defendant church's premises while walking to her home between Sunday School and church services. 538 So. 2d at 760. In determining that the plaintiff was an invitee, the Mississippi Supreme Court distinguished between the "invitation" required of an invitee and "permission" required for a licensee." *See id.* at 764.

"The general and well-recognized rule in Mississippi is that an invitee is a person who goes upon the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage." *Id.* at 762–63 (citing cases). "[A] licensee is one who enters upon the property of another with the owner's implied permission and for the convenience and benefit of the licensee." *Handy v. Nejam*, 111 So. 3d 610, 613 (¶ 12) (Miss. 2013) (citing *Hoffman v. Planters Gin Co.*, 358 So. 2d 1008, 1011 (Miss. 1978)).

> Permission is conduct justifying others in believing the possessor is willing that they shall enter if they desire to do so. This consent may be expressed by acts other than words. The decisive factor is the interpretation which a reasonable man would put upon the possessor's acts, in the light of all the surrounding circumstances, and the custom prevailing in the community.

*Marlon Inv. Co. v. Conner*, 149 So. 2d 312, 350 (Miss. 1963).

Invitee status requires "conduct which justifies others in believing that the possessor desires them to enter the land." RESTATEMENT (SECOND) OF TORTS § 332 (1965). According to the Restatement, an invitee is either a public invitee, "who is invited to enter or remain on land as

5

a member of the public for a purpose for which the land is held open to the public," or a business visitor, "who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land." *Id.*

The Mississippi Supreme Court explained in *Clark* that "[m]embers of religious associations . . . fall within the category of 'public invitees' " and that "[r]eligious bodies expressly and impliedly invite members to come and attend their services and functions. They hold their doors open to the public." 538 So. 2d at 764. The Supreme Court also noted in *Clark* that churches "depend on contributions . . . in order that they may continue to be open to the public," and that "a church member who does not exceed the scope of a church's invitation[ ] is an invitee while attending a church for church services or related functions." *Id.*[2]

Because in the case *sub judice* the Court sits in diversity, it must make an *Erie* guess as to how the Mississippi Supreme Court would hold on the facts before it. The Court concludes that if faced with this issue, the Mississippi Supreme Court would find on the undisputed facts of this case that Mr. Sanders was an invitee of the Church. Mr. Sanders did not regularly attend the Church. However, one of the Church's regular functions is to provide funeral services for Church members and their loved ones, as indicated by the deposition testimony of the Church pastor and deacon. *See* Rev. Miller Dep. [42-7] at 32; Harris Dep. [42-5] at 70–71. The Church clearly held its doors open to Mr. Sanders to attend his father's funeral, and his presence, as a son of the deceased and honorary pallbearer, was expected and welcomed by the Church. Because Mr. Sanders was an invitee, the Church owed him the duty to "exercise reasonable care to keep the premises in a reasonably safe condition," and if the Church "kn[ew] of, or by the

---

[2] The Court notes that Plaintiffs cite *Strong v. Southside Baptist Church*, 823 So. 2d 608 (Miss. Ct. App. 2002), as support for their position that a non-church member who attends a church event can be classified as an invitee. However, the issue of whether that plaintiff was an invitee or licensee was not before the Mississippi Court of Appeals. Therefore, the mere mention in the *Strong* opinion that the trial court determined the status of plaintiff to be that of an invitee is not dispositive that Mr. Sanders was an invitee of the Church.

exercise of reasonable care should have known of a dangerous condition, which [was] not readily apparent to [Mr. Sanders], the [Church was] under a duty to warn [Mr. Sanders] of such condition." *See Clark*, 538 So. 3d at 764 (citing cases).

Having determined that Mr. Sanders was an invitee of the Church on the date in question, the Court now must determine whether a genuine dispute of material fact exists as to whether the Church breached its duty to Mr. Sanders as an invitee. Plaintiffs allege in their complaint that the Church maintained the premises in an unsafe manner, maintained carpet which was "bunched and had wrinkles" that were hazardous to patrons, maintained uneven flooring "with substantial differences in elevation on what appeared to be a level surface," and failed to warn regarding the dangerous condition of the premises. Pls.' Compl. [1] ¶ 11. In alleging that the Church, while knowing of the potential dangerousness of the uneven flooring, failed to take sufficient precautions to protect Mr. Sanders, Plaintiffs have supported a claim for the Church's negligence. Plaintiffs' allegations highlight the Church's alleged failure to maintain safe premises and to warn of the unevenness of the flooring.

Plaintiffs allege that the area of the Church where Mr. Sanders fell was not part of the original structure of the Church, but was part of an addition to the sanctuary flooring, and cite deposition testimony of the Church pastor and a deacon supporting this allegation. *See* Rev. Miller Dep. [42-7] at 12–13; Harris Dep. [42-4] at 20–22. Plaintiffs further allege that the defect in the flooring consists of an unmarked change in elevation, and that although both floors were supposed to adjoin in one level surface, the new addition is actually approximately 1.5 inches lower than the original flooring and hidden by carpeting. In support, Plaintiffs cite the sworn affidavit of a Church usher indicating that the carpeting rendered the drop-off in elevation not readily noticeable. *See* Stapleton Aff. [42-3] ¶ 4. Plaintiffs further allege that the carpeting in

the area of the Church between the side addition and the original structure had been in the same condition ever since the add-on was constructed and was in poor condition at the time of Mr. Sanders' fall, and cite deposition testimony of the Church pastor supporting that the carpeting had remained unchanged since the addition was built. *See* Rev. Miller Dep. [42-7] at 15–16, 29. Plaintiffs cite a Church deacon's deposition testimony, which suggests that the Church leadership may have been aware of uneven flooring in the sanctuary prior to Mr. Sanders' fall but may have ultimately decided not to take action to correct the uneven flooring. *See* Harris Dep. [42-5] at 49–50. Plaintiffs further appear to allege that the Church was aware of Mr. Sanders' presence at the funeral, given that he was a son of the deceased and listed as an honorary pallbearer in the funeral program.

The Church disputes many of these alleged facts and argues that it was not aware that the sanctuary floor may have presented a danger and that the Church was not aware of any other incidents involving individuals tripping or stumbling in the area where Mr. Sanders fell. *See* Def.'s MSJ [32] ¶ 11 (citing Rev. Miller Dep. [42-7] at 53–54; Harris Dep. [42-5] at 26–27). In viewing all the evidence in the light most favorable to the nonmovants, however, there are genuine disputes of material fact that preclude summary judgment in this case.

### *D. Conclusion*

In sum, the Court finds that on the undisputed facts Plaintiff Willie Sanders was an invitee of Defendant Shiloh Missionary Baptist Church on the date in question. The Court further finds that genuine disputes of material fact exist that preclude summary judgment on Plaintiffs' claims.

ACCORDINGLY, Defendant's motion for summary judgment [32] is DENIED, and this matter shall proceed to trial.

A separate order in accordance with this opinion shall issue this day.

THIS, the 20th day of November, 2013.

/s/ Glen H. Davidson
SENIOR JUDGE